PENALTY CLAUSE IN STATUTE PROVIDING FOR RECOVERY
OF INDUSTRIAL COMPENSATION.

Common Pleas Court of Hamilton County.

STATE OF OHIO, EX REL. C. C. CRABBE, ATTORNEY GENERAL,
vs. J. F. CRAWFORD.*

Decided March, 1927.

*Workmen's Compensation—Recovery of Commission's Award Against
Employer Not Complying With Act—Penalty for Failure to Pay
Within Ten Days Not Recoverable in View of Supreme Court
Opinion.*

The Attorney General brought a suit under the provisions of Sec-
tion 1464-74, General Code, to collect an award made by the
Industrial Commission against an employer who had not com-
plied with the Workmen's Compensation act. The jury re-
turned a verdict for the amount of the award, together with
a fifty per cent. penalty for failure to pay the claim within
ten days from notice of award. In entering judgment on the
verdict, *held*, that in view of the holding of five judges of the
Supreme Court in the case of *DeWitt* v. *State*, 108 O. S., 513,
that the section allowing the penalty is unconstitutional, the
court will not enter judgment for the amount of the penalty.

*E. C. Turner* and *Clarence A. Dorger*, for the plaintiff.
No appearance for defendant.

DARBY, J.

In this action the plaintiff sought to recover against the
defendant an award in favor of an employe of the defend-
ant, made by the Industrial Commission of Ohio, under
the Workmen's Compensation Act. The petition asked for
the recovery of the amount of the award, and also a fifty
per cent. penalty for failure of the defendant to pay the
award within ten days after notice. The case was within
the provisions of G. C. 1464-74, the employer being one
of those who had not complied with the Workmen's Com-
pensation Act.

The matter was presented to the jury as upon a default,
the defendant not appearing, though served, and the court .

*Error not prosecuted.

called attention of counsel for plaintiff to a decision by the Supreme Court with relation to the validity of the fifty per cent. penalty clause. A verdict, however, was taken, and was for the full amount of the award, and fifty per cent. penalty added.

Upon presentation of the judgment entry, the court made examination into the former decision of the Supreme Court, requesting the right to recover the fifty per cent. penalty.

In *DeWitt* v. *State*, 108 O. S., 513, the constitutionality of the penalty clause of the section referred to was directly presented to the Supreme Court, and the law was sustained for the reason that two of the judges voted in favor of its constitutionality, the constitution providing that a law may not be declared to be unconstitutional except by the concurrence of all but one of the judges of the Supreme Court. However, in that case five of the judges were of the opinion that the fifty per cent. penalty clause was unconstitutional, and but for the manner in which the DeWitt case reached the Supreme Court, the decision of the court would have been to the contrary.

The case now comes before this court as to the power of this court to enter judgment for the penalty, and though under the constitution, in the DeWitt case the action of the court was as above stated, this court, following the opinion of the five judges of the Supreme Court that the act is unconstitutional, now directs that the verdict be reduced so as to exclude the fifty per cent. penalty.

A judgment may be entered for the amount claimed, less the penalty.